**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL KENT WAKEFIELD, | No. 12-15062 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00274-LJO-BAM |
| v. | |
| RICHARD INDERMILL; CSPC/CDCR, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Darryl Kent Wakefield, a former California state prisoner, appeals pro se

from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

violations of his right to free exercise under the First Amendment and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Wakefield's First Amendment claim because Wakefield failed to raise a genuine dispute of material fact as to whether the denial of weekly religious services was not rationally related to a legitimate penological interest in maintaining prison security. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 350-53 (1987) (restraint on inmate's ability to exercise his religion does not violate the First Amendment if it is reasonably related to a legitimate penological interest).

Summary judgment on Wakefield's RLUIPA claim was proper because Wakefield failed to raise a genuine dispute of material fact as to whether denying him weekly communion and foot washing services in the Security Housing Unit was not the least restrictive means of achieving a compelling government interest, in light of defendant's evidence that less restrictive measures were actually considered and rejected. *See Greene v. Solano Cnty. Jail*, 513 F.3d 982, 986-90 (9th Cir. 2008) (setting forth RLUIPA standard); *see also Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) ("[P]rison security is a compelling state interest, and . . .

deference is due to institutional officials' expertise in this area.").

**AFFIRMED.**